STYLES v. SHAVER.

(Supreme Court, Appellate Division, Third Department.   May 28, 1912.)

1. PARTNERSHIP (§ 95*)—INDIVIDUAL TRANSACTIONS—PURCHASE OF COPARTNER'S INTEREST.

Where a mother, in partnership with her son, was under his influence and relied on whatever he said, the burden was on him of showing that, at the time he purchased her interest, she fully understood her rights, and that they were protected and preserved.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 142; Dec. Dig. § 95.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. PARTNERSHIP (§ 95*)—ACCOUNTING—RIGHT TO.

Where a mother, while in partnership with her son, received only $5,000 from the business, while he during the same time received $23,000, and there was no evidence that, on a purchase of her interest by him, any definite account of the business was furnished her, she was entitled to an accounting of the partnership affairs.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 142; Dec. Dig. § 95.*]

Smith, P. J., and Betts, J., dissenting.

Appeal from Judgment on Report of Referee.

Action by Alice J. Styles against Henry L. Shaver. From the judgment, plaintiff appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYONS, JJ.

Shaw, Bailey & Murphy, of Troy, for appellant.
John E. MacLean, of Cohoes, for respondent.

PER CURIAM. The findings indicate that the defendant was in the possession of the plaintiff's property in a fiduciary capacity in the nature of a deposit and trust until about the 15th day of November, 1892. His will evidently controlled his mother, and she was under his influence, and accepted as right whatever he said or did.

[1, 2] It is evident that the referee has given too much attention to the alleged settlement and the sale of the store about November, 1892. The transaction was evidently in due form; but, considering the relations existing between the defendant and his mother, it rested upon him to satisfy the court that she fully understood her rights and that they were protected and observed. During the copartnership she received as profits from the store about $5,000, and during the same time, when he was engaged in no other business and was drawing $15 per week salary, he deposited to his own credit in the bank $23,000, independent of discounts. The inference is reasonable that he had received from the business about $18,000 more than she had received. If that is so, the alleged sale was unfair, and evidently was not understood by her. He produces no books showing the business or profits of the copartnership, and it does not appear that she had any definite account furnished her. It is apparent that the defendant has not shown that he made a fair and just accounting to his mother on account of the partnership in the store.

The relations existing between them called upon him to make plain that her rights were observed. The record indicates that the plaintiff is entitled to an accounting with reference to the copartnership matters. The discharge in bankruptcy and the statute of limitations do not shield the defendant. It is unnecessary to consider the rights of the parties with reference to the factory and other matters, as a new trial must be had, and all the facts will more fully appear.

The judgment is therefore reversed upon the law and the facts, the referee discharged, and a new trial granted, with costs to the appellant to abide the event. All concur, except SMITH, P. J., and BETTS, J., who dissent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes